Good morning, your honors. May it please the court, my name is Alma David and I represent the petitioner in this case, Federico Diego De Diego. I would like to reserve three minutes for rebuttal and I'll watch the time also. There are several issues before this court today and the petitioner's position is that resolution of all of these issues requires remand to the agency, either for further factual findings or legal analysis or for termination of the removal proceedings. The petitioner was initially charged with removability under three separate aggravated felony grounds. One of those charges was withdrawn by DHS and the two remaining ones were that the petitioner had been convicted of burglary, aggravated felony and of sexual abuse of a minor. You filed a few 28-J letters in the last several days. Let me see if I can figure out what your position is now in light of those letters. I take it the first 28-J letter you said that if we do determine the statute is divisible, that we have to apply the modified categorical approach, then you no longer contest that the Shepard documents establish that the crime matches up to the Federal one? That's not completely correct, Your Honor. That was true until your second 28-J letter, right? Well, what I said is that if the court finds that it can proceed to the modified categorical approach and that the record of conviction establishes that the victim was under 14, then it seems like the analysis in Rocha Alvarado lends itself to the conclusion that. And then this morning you filed a 28-J letter raising the question of whether the Federal generic attempts statute matches up to the Oregon statute. Correct. Am I right that wasn't raised in the briefs? It wasn't raised in the briefs initially because. Yes. Oh, pardon me? It wasn't raised in the briefs. It was. I didn't ask you why. I just. Oh, I see. It wasn't raised in the briefs? Yes or no? It was referenced in the briefs, I believe. Where? Let me see. It was definitely raised before the Board, but it wasn't raised in the sense that the Petitioner alleged that the Federal definition of attempt is or that the, sorry, that the Oregon definition of attempt is overbroad. Okay. Given that it wasn't raised in the briefs, have you waived it? I don't believe so, Your Honor, because I believe that the Sandoval case. No, Sandoval case says you don't waive it by not raising it in the agency, right? Correct. My question is have you waived it by not raising it before us? I mean, Your Honor, we argued before this Court that the statute under which the Petitioner was convicted is overbroad. Right. You've got lots of detailed argument on that, and we'll get to it. There's no argument in your briefs that the Oregon attempt statute is somehow different than the Federal generic attempt statute. That's correct. So my question is still the same one I asked you before. Have you waived that issue? I don't believe so, Your Honor, because I don't believe that until the Sandoval decision. Did Sandoval occur before you filed your briefs in this Court? Pardon me? Did Sandoval occur before you filed your briefs in this Court? No, Sandoval was decided, I believe, in January of this year. And then you didn't raise it until just now? That's correct. Okay. So you've touched on several of the points that I wish to make about the sexual abuse of a minor. So with regard to the first question that you asked, if we get to the modified categorical approach, then do we look at the record of conviction? Before we get there, as I raised in the 28J letter, the first question is whether the statute under which the respondent was convicted is divisible or not. And this Court, the Ninth Circuit, has essentially addressed that in the Rocha-Alvarado case. And so in that case, the Court held that the statute is divisible with regards to subsection 1A and 1B, because A requires that the act involve a person and B also involves an animal. And so in that case, the record of conviction was more clear than it was in the case of my client because both the charging document and the plea referenced the age of the victim. However, in that case, the Court didn't then further divide the statute into its various subsections. No, the Court did say that subsection 1AA fell within the generic Federal definition of sexual abuse of a minor. So it focused on that one section or subsection and said that constitutes sexual abuse of a minor. Doesn't that indicate that that by itself is sufficient to be the generic Federal offense? Well, Your Honor, I think the question is whether we get to even look at whether the conviction fell under subsection 1AA versus just under subsection 1A. You're suggesting that you think those are means and not elements? Yes, Your Honor. And so I think that position finds support both in the way that the Ninth Circuit approached the statute in Rocha-Alvarado where the Court could have then gone further and said, okay, we've gotten to the point where it's divisible into 1A and 1B. Now we have to look under which subsection of 1A this falls. But the Court didn't do that. And the nondivisibility of subsection 1A also finds support in the way that Oregon has. Does it? There's Oregon anti-merger cases, but those are sort of double jeopardy cases. I shouldn't be talking about Oregon law in a room in which I'm the least expert person about it. But what about the Marshall case, which seems to describe these as elements of the offense? Well, I think I agree that the Oregon courts, when they're talking about the merger cases, they use elements sometimes interchangeably with different legal theories. And I understand why one can't get charged three times or punished three times for, let's assume that you actually qualified for all the subdivisions of C. Right, right. But the Court does describe them as elements in Marshall. Don't we pay attention to that? Well, I think that it's all actually reconciled in a recent Oregon Supreme Court case, which is a case that the respondent cited in his 28-J letter, and that's the Pipkins case. And in that case, the Court held that even though, obviously, the anti-merger statute isn't directly dispositive of whether or not the statutes are. State courts normally don't think in these terms. They're not required to. Right. But the Court did in that case when it was analyzing whether or not a crime could be committed through different means as opposed to whether it was divisible into elements. And this was in the context of the burglary, the Oregon burglary statute. The Court went back and referenced a case called State v. White, which had dealt with burglary in the merger context and had drawn upon legislative history to say that under the Oregon anti-merger statute, which requires that in order for two charges to merge or not to merge, the inquiry is whether the Act violates two different statutory provisions and whether each has an element that doesn't have to be proven for the other. Yeah, but why does that help us in determining whether the three subdivisions, if you will, of C are elements or means? Well, so in that case, the Oregon Supreme Court directly drew upon that analysis in White. But, counsel, that wouldn't, it seems to me, help you. For example, sub subsection A requires that the person be under the age of 14 and sub subsection B requires forcible compulsion and I forget about C. But clearly those require proof of something the other does not. Because force, you know, the person could be 15 and forced and they would be under sub B. They could be docile and under 14 and fall within A. So I don't see how that helps you. And I actually have a question on another point, which is I don't understand if we do use the categorical, modified categorical approach, what your position is as regards the sufficiency of the documents. Because count three specified less than 14 years of age. And that's the only count to which he pleaded guilty regarding sexual abuse of a minor. And don't we have case law that allows precisely that connection to be drawn, that by pleading to that count, we're done? Well, I'll address both of your concerns, Your Honor. So with regard to the modified categorical approach, it's correct that the indictment uses or specifies the age of the victim. And none of the other things such as force that are within the statute. Correct. So doesn't Mathis, I have a note that says when an indictment and jury instructions could indicate by referencing one alternative term to the exclusion of all others, that the statute contains a list of elements, each one of which goes toward a separate crime. The Supreme Court has said we should first look at the Shepard documents before we even get to the state law, if we do at all. And there it seems the very point that Judge Graber made under Mathis would say that shows that the statute contains a list of elements, that that's an element. What do you do with that? So the respondent raised a point in its 28J letter about a defense to one of the subsections of the Oregon sexual abuse statute. And as I noted in the 28J letter that I filed this morning, or in the response to the government's 28J letter, there's a general provision within the Oregon Criminal Code which can be found, and it's referenced in a case called State v. Landino. And the subsection specifically is Oregon Revised Statute 163.315, which lays out four different ways in which a victim of sexual abuse can be found to have been incapable of consent. And Landino analyzed that within the previous Oregon statute of sexual abuse in the third degree. And that subsection mirrored subsection 1AC of the section that we're looking at today. And the court said that this definition of incapacity to consent, which includes being under the age of 18 as one of the ways you can show incapacity to consent, that applies to all Oregon sex abuse crimes. And so theoretically, by alleging that a person was 14, it could fall under, it could mean that that narrows it to 1A capital A. It could also mean that it narrows it to 1A capital C, because if the victim was indeed under the age of 18, that would be a means of showing that that person was incapable. But you wouldn't have to show it, right? Because under the statute, as long as the person was under 14, there would be no need to show either of the other two parts of the statute, right? Yes? True. Okay. This attempt argument that you raised, is it foreclosed by Rocha Alvarado, which was an attempt case? No, Your Honor. I don't think it was addressed in Rocha Alvarado. Well, whether or not it was addressed, we held that the other parts of the statute, but I don't think they're any different with respect to attempt, that there was a modified categorical match, if you will, between the sexual abuse, attempted sexual abuse and a Federal generic offense. How would you, I know we didn't address the issue, fair enough. But we'd have to say that that was wrong, wouldn't we? Well, Rocha Alvarado also preceded Sandoval. So Sandoval came after Rocha Alvarado. But this is, it's a 2016 case decided by this Court, correct? Correct. And we said attempted sexual abuse under the Oregon statute was a generic match, correct? Well, it was a generic match. With a modified categorical approach. Yeah, under that specific subsection. Okay. So how would, that case has to be incorrectly decided, doesn't it, for you to persuade us that the attempt statute doesn't match? Well, Your Honor, as I said, it didn't address the attempt issue. We'd have to say we were wrong in finding that, wouldn't we? Well, yes. But it would require many steps in between, which is you would have to get all the way to the point that the statute was divisible. Right. You think you win before we get to it. I'm just addressing the argument you raised in this morning's 28-J letter, which is that you do recognize that Rocha Alvarado involved an attempt, correct? No, I do. Okay. But it wasn't addressed as such. Counsel, we've used most of your time. We've asked a lot of questions, so you may have a minute for rebuttal if you want it when the time comes. Thank you. Thank you very much. May it please the Court, my name is Edward Wiggers. I represent the respondent in this matter. Petitioner admitted engaging in conduct that is sexual and in violating a statute that required the victim to be under the age of 14. Therefore, his conviction constitutes a sexual abuse of a minor aggravated felony. The immigration judge properly terminated the grants of asylum and withholding of removal based on the aggravated felony conviction and on the particularly serious crime finding. The record does not compel the conclusion that it's more likely than not that the petitioner would be tortured in Guatemala, so the Court should deny the petition for review. Could you address the attempt issue? The attempt issue, Your Honor? First, I would agree with Your Honor's point that . . . It was a question. Yes, Your Honor. Your question about whether she waived it, I would submit that under this Court's jurisprudence it wasn't raised in the opening brief. It is waived. Well, except that we have discretion to consider issues of law anyway, so could you address it on the merits? Yes, Your Honor, certainly. That was going to be my next point, was that as far as the attempt is concerned, Rocha-Alvarado does hold that it is a sexual abuse of a minor offense in an attempt context. But more importantly, and distinct from the burglary offenses and distinct from Sandoval, which addressed drug illicit trafficking, the aggravated felony here is sexual abuse of a minor under the definition that requires conduct that is sexual in nature. And we know from Barron-Medina that the sexual intent is what drives whether the conduct is sexual. For this Court observed in Barron-Medina that even an innocuous touching that is innocently received by the minor victim is a crime if it is committed with a sexual intent. I had a question about reliance, the extent to which we ought to rely or can specifically rely on Rocha-Alvarado. That was a sentencing guidelines case. And the statute governing the definition of sexual abuse of a minor under the sentencing guidelines is slightly different, and we have case law that says that the two are not completely interchangeable. Does that change what we ought to rely on or how we ought to analyze this? It would possibly shift this Court's reliance more to Barron-Medina and the lines of cases interpreting the sexual abuse of a minor definition for aggravated felony purposes. And under those definitions, this is a sexual abuse of a minor aggravated felony because his attempted conduct, which required a substantial step towards engaging in sexual contact with the specific intent to be doing it to gratify his own sexual desires with a child under the age of 14. I'm not sure. Maybe you were answering a different question, but I think we may have been asking you the same question. With respect to attempt, I'm still not sure why his conduct may well be a Federal attempt, but I'm trying to figure out whether or not the Federal statute generic definition of attempt and the Oregon definition of attempt are matches. Can you address that?  Well, I don't blame you. It came up. We got the 28-J on the way into court this morning. But it's not an issue that was ever addressed by the agency, understandably, given when DeChamp occurred, or by the briefs. Yes, Your Honor. So I'm trying to get some guidance on it. I know Rosha Alvarado was an attempt case, but it doesn't expressly address this issue. I think it implicitly addresses it. Yes, Your Honor. I'm just trying to get whatever help I can get from the government on this one. Yes, Your Honor. My initial reaction is that Petitioner was not charged under Subsection U. He was charged under Subsection A, which is the sexual abuse of a minor provision. And the definition of sexual abuse of a minor covers any conduct that is sexual in nature. Right. No, I understand, and that's why I was having some difficulty with your answer to Judge Graber. I understand your argument by why the statute is a categorical, or is a modified categorical match, if you will. I never know what language to use when describing these. I'm going back to the attempt issue. Yes, Your Honor. Because he was only convicted of attempt. Yes, Your Honor. So do you agree that if the Federal definition of attempt were narrower than the Oregon definition of attempt, then we'd have a problem here? Not in this specific case, Your Honor. No, but see, that's what we can't do under the modified categorical approach. We can't look at the facts of the case. If the two statutes don't match up, then we've got a problem, don't we? Ordinarily, that is true, Your Honor, and I'm not talking about the facts of this case. I'm talking about the law of this case. We're talking about conduct that is sexual. That can be the actual sexual contact. That can be the substantial step towards that sexual contact with the sexual intent. So are you saying we don't look at Oregon's attempt statute? We just look at the Federal generic offense or whatever Oregon's attempt statute is, since the sexual abuse of a minor matches up with the Federal sexual abuse of a minor as defined in Medina via? Yes, Your Honor. Because this specific definition of sexual abuse of a minor covers conduct that is sexual, I submit that even an attempt under Oregon law meets that sexual abuse of a minor definition without subsection U. So you're saying we look, it's always so confusing in this area, but attempted sexual abuse in this context or sex with a child under 14, you're saying is a categorical match for Federal sexual abuse of a minor, and we don't look at whether Oregon attempt is a categorical match with Federal attempt? Yes, Your Honor. Is that right? Okay. Thank you. Good. That's helpful. So let me just ask and see if I understand it. So your position is that every attempted sexual abuse of a minor under Oregon law constitutes, once we apply the modified categorical approach, constitutes a violation of the Federal generic statute? Every first degree attempt, yes, Your Honor. If it's first and specifically first degree sub-sub A, if it is the one that has the age 14 cap. Right. Now, let's assume that we've decided the statute's divisible. Yes, Your Honor. My question is, so every attempt to violate that subdivision of the statute, in your view, is a Federal generic crime without regard to whether or not it would have been an attempt under Federal law? Yes, Your Honor, because they all involve conduct that is sexual in a minor under 14. And it's distinct from the Estrada Espinoza. Why would that necessarily be true? So I'm envisioning a situation in which, for example, the attempt or the substantial step involves, say, locking a child in a room and, you know, talking to them. Why would that, that could be a substantial step toward first degree sexual abuse, but it wouldn't necessarily be conduct that is sexual in nature? I would submit that it would be, Your Honor, if it has the sexual intent. And we know from Medina, I believe it's Barron Medina, that it's not even necessary for the defendant to have engaged in physical contact with the victim to sustain the sexual abuse of a minor if they get the child to. No, I'm perfectly willing to say that my scenario constitutes an attempt. I guess what I'm having difficulty with is your statement that no matter what the substantial step is, it turns out to count as sexual in nature. That's my, that's where I'm hung up about it. Not that it would be insufficient and it doesn't have to involve touching. And that's actually my point. So I guess I'm not sure I follow your argument. Basically, Your Honor, from this Court's decisions interpreting 288A of the California Penal Code, where it's not necessary that the individual touch the victim, they can talk the child into touching themselves, and that substantiates offense. And we know that an innocent touching, an innocuous touching, excuse me, that's innocently received, where there would not be any crime but for the individual's intent. I know that, but I'm positing an attempt that doesn't involve any sexual conduct but still counts as an attempt. It involves sexual conduct if it's done with the sexual intent, Your Honor. So let me give you a scenario to see if you can help me with this. Let's assume under Oregon law it would be enough if I said to Judge Graber, I intend to do something tonight. And what I intended to do would meet the statutory definition of sexual abuse. If that were true, if that attempt, that were enough, would that match up to the Federal crime? If that were sufficient to establish a substantial step, Your Honor? Yes. No, it was sufficient to meet the Oregon definition of attempt. The Oregon definition of attempt is expansive. And so once I talk to her about it and take maybe one other step, get in my car, but I decide on the way I'm not going to do it, if that were enough to meet the Oregon definition of attempt, would that match up to the Federal crime? I would submit, Your Honor, that if every step was taken with an intent to gratify your sexual desires, I would say yes. But under Oregon law, do we have any cases that are analogous to these hypotheticals? The Supreme Court has told us to look at actual cases, not make up these things. I'm not aware of any, Your Honor. I'm not aware of any. And what would be the typical attempt? Here, the individual entered into the house and touched and attempted to do things. I mean, is that the typical case? Are there outliers where just talking to a friend and saying you have an intent are enough? Has the Oregon court said that's enough for an attempt? The one case that I know that would be more or less on the attempt issue, what the scope of an attempt is, is the Aragorn case that we cited in our 28J. It involved a conviction for attempted first-degree sexual abuse under sub-sub A and sub-sub B. No, under sub-sub A, because the defendants in that case were trying to arrange sexual partners for their children who were under the age of 14. And they had approached a neighbor about the neighbor's underage daughter and an undercover law enforcement officer about a hypothetical child, I believe. And those were enough to sustain attempted sexual abuse of a minor. So you have to have, from Aragorn... But no touching, no locking in a room, it was just conversation, basically. Yes, Your Honor. It was their efforts to gratify their sexual desires by having their children have sex. They took a step in that direction. So that gives some illustration of the parameters of attempted first-degree sexual abuse. And I would submit that that is sexual conduct, if they're out there actively trying to recruit sexual partners for their underage children. We know the age requirement is an element because there's a defense to it. And I disagree with Petitioner's assertion that the defense does not narrow the element to the sub-sub A age requirement. Because the defense came up specifically with Petitioner's response regarding the Aragorn case. Because the Aragorn case was a sub-sub A where the question was whether the defense was available. And it was not available because the defendants in that case were adults. And the actor had to be within three years of the age of the victim. So Aragorn shows that there is a defense to the age provision. So the age provision is necessarily an element. As far as further indicia that it's an element, we have the fact that there is a greater sentence for first-degree sexual abuse, which requires age 14. The corollary for third-degree sexual abuse requires age 18. That really doesn't help us, though, with respect to the three subdivisions, does it? Not to these three subdivisions here, but it does show that Oregon views the age as an essential aspect to establish what level of punishment is appropriate. As far as the three subdivisions here, we know from the Parkins case that they are different elements. Because in Parkins, they were charged under sub-sub A and sub-sub B, which led to six charges for three specific instances of sexual contact. And the Oregon Supreme Court said that these are separate elements, but these crimes had to merge because this is the same statutory provision. And that's why I don't find the merger cases particularly helpful, because it just means you can't punish somebody twice for the same victim, even though it involves A and B. Yes, Your Honor. And we've dealt with this, by the way, on a number of occasions. We felt that the Arizona one is a categorical match. I don't know whether we've dealt with the Oregon one or not. This just popped up at the last minute, so I wouldn't expect you to be fully prepared. I submit that since the Oregon attempt statute does require a substantial step with the specific intent to commit the crime that would meet the Federal definition. That's what we've held with respect to the Arizona one, because I know those ones, but I don't know if we've ever addressed Oregon. Do you have any case where you've ever addressed Oregon? No, Your Honor. I'm not aware of any. And unless the Court has any further questions, that would conclude our presentation. We submit that the petition for review should be denied. I don't believe that we do. Thank you. Thank you, Your Honor. Thank you. I'll make it quick. I just wanted to respond to a few things that Your Honor's raised. There is actually a case kind of similar to the hypothetical that you raised, and it's State v. Jessen, and I cited it in the— saying to somebody, I would like to do something within the context of a sex crime. Can that be enough to be an attempt under Oregon law? And the answer is yes. The other point that I wanted to make in terms of the difference between Rocha Alvarado and this case with Rocha Alvarado analyzing sexual abuse in the sentencing context, both were dealing here with a very specific California or Ninth Circuit definition of sexual abuse of a minor where, by virtue of the person's age, any sexual conduct is viewed as per se abusive. And that definition comes from Baron Medina, and both the Rocha Alvarado Court relied on that, as would any argument under this case, that this particular subsection criminalizes what qualifies as sexual abuse of a minor. So I think the two—or in other words, Rocha Alvarado— Correct. Correct. And then the only other thing that I would just urge the Court to do is, regardless of the outcome of this issue of whether or not my client has been convicted of an aggravated felony, there is still the issue of the torture convention case. And the agency's, and particularly the Board's, analysis of that was so lacking that under Colby Holder and similar cases, the case has to go back to the agency for at least an explanation of why or what the factors were on which the torture convention case was dismissed.
judges: Graber, Ikuta, Hurwitz